| | |
|---|---|
| DENVER COUNTY DISTRICT COURT<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>(303) 606-2300 | DATE FILED<br>November 13, 2025 10:52 AM<br>FILING ID: C62BE4D4CAFEA<br>CASE NUMBER: 2025CV34094 |
| **Plaintiff: GALEN MORROW**<br><br>**v.**<br><br>**Defendant: WALMART, INC., d/b/a SAM'S CLUB** | **▲ COURT USE ONLY ▲** |
| *Attorneys for Plaintiff*:<br>Brian Hugen, Reg. No. 40688<br>RAMOS LAW<br>10190 Bannock Street, Ste. 200<br>Northglenn, CO 80260<br>Phone Number: (303) 214-7925<br>Fax Number: (303) 865-5666<br>Email: BrianH@ramoslaw.com | Case No.:<br><br>Courtroom: |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

The Plaintiff Galen Morrow, through his attorneys, RAMOS LAW, submits the following Complaint for Damages and Jury Demand against the Defendant Walmart, Inc., d/b/a Sam's Club, and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Galen Morrow resides at 3356 Dayton Street, Denver, CO 80238.

2. Defendant Walmart, Inc. is a Delaware corporation with its principal place of business located at 1 Customer Drive, Bentonville, AR 72716. Walmart, Inc.'s registered agent is C.T. Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

3. Defendant Walmart, Inc. does business as Sam's Club, which is also a division of Walmart, Inc.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because the incident occurred in Denver County, Colorado.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates all prior paragraphs as if fully stated herein.

6. Defendant Walmart, Inc. owns and operates Sam's Club located at 7805 East 35th Avenue, Denver, Colorado 80238. This property will hereinafter be referred to as "Sam's Club."

7. On April 2, 2024, the Plaintiff was walking in the tire department of Sam's Club when he slipped on a slippery substance on the floor and fell to the ground.

8. Upon information and belief, employees and representatives of the Defendant were aware of this slippery substance on the floor of the Sam's Club prior to the Plaintiff's fall and failed to properly clean it up.

9. As a result of his fall on April 2, 2024, the Plaintiff sustained significant injuries.

## FIRST CLAIM FOR RELIEF
***Premises Liability***

10. Plaintiff incorporates all prior paragraphs as if fully stated herein.

11. On April 2, 2024, Defendant Walmart, Inc. owned and operated Sam's Club.

12. On April 2, 2024, Defendant Walmart, Inc. was responsible for the maintenance, safety, inspection and condition of the floor and the area of the Plaintiff's fall at Sam's Club.

13. On April 2, 2024, Plaintiff was an "invitee," as defined by C.R.S. §13-21-115, of the area where the Plaintiff fell at Sam's Club.

14. On April 2, 2024, Defendant Walmart, Inc. was a "landowner," as defined by C.R.S. §13-21-115, of the Sam's Club.

15. Defendant Walmart, Inc., through its agents and employees, knew or as a person or entity using reasonable care should have known, that the floor where the Plaintiff fell was in a dangerous condition, created a danger of persons falling and was a danger to the public.

16. Defendant Walmart, Inc. failed to reasonably inspect and maintain the floor, failed to reasonably prevent a slip hazard and clean its floor and failed to reasonably warn of the slippery conditions of the floor where the Plaintiff fell.

17. Defendant Walmart, Inc. had a nondelegable duty to use reasonable care in maintaining the floors of Sam's Club, and in inspecting, maintaining, preventing, and

warning of a dangerous condition on the floors and is vicariously liable for the actions or inactions of any other contractor which may have contributed to the Plaintiffs' fall.

18. As a sole, direct and proximate cause of Defendant Walmart, Inc.'s failure to use reasonable care to protect against the dangers on the property as described above, the Plaintiff sustained serious and permanent bodily injuries, economic damages, noneconomic damages and physical impairments damages.

## SECOND CLAIM FOR RELIEF
***Negligence***

19. Plaintiff incorporates all prior paragraphs as if fully stated herein.

20. Should it be determined that Defendant Walmart, Inc. was not a "landowner," as defined by C.R.S. §13-21-115, at the time of the Plaintiff's fall, and C.R.S. §13-21-115, a/k/a the Colorado Premises Liability Act, does not apply, the Plaintiff asserts a negligence claim against Walmart, Inc.

21. Defendant Walmart, Inc. was negligent in using a substance that created a slippery condition of the floor, failing to inspect and remedy a slippery condition of the floor and failing to warn of a slippery condition of the floor, and for failing to take action which a reasonably careful person would do to protect persons from bodily injury relating to the floor where the Plaintiff fell.

22. As a sole, direct and proximate cause of the negligence of Defendant Walmart, Inc., the Plaintiff sustained serious and permanent bodily injuries, past and future health care treatment expenses, past and future income losses, past and future noneconomic damages, and past and future physical impairments damages.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against the Defendant Walmart, Inc. in an amount to be determined at trial for all economic damages, non-economic damages and physical impairment damages allowed by law, plus costs allowed by law, pre- and post-judgment interest and for such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted this 13th day of November, 2025.

RAMOS LAW

*/s/ Brian Hugen*
Brian Hugen, Esq.
*Attorneys for Plaintiffs*

*Plaintiff's Address*:
3356 Dayton Street
Denver, CO 80238